UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**ELIER FERNANDEZ**,

    Plaintiff,

vs.

**TENET FLORIDA PHYSICIAN SERVICES, LLC,**
**and SYRIA RULE,**

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ELIER FERNANDEZ, through his undersigned attorney, and files this Complaint against Defendants TENET FLORIDA PHYSICIANS SERVICES, LLC, and SYRIA RULE, and states:

### JURISDICTION AND VENUE

1. This is an action arising under Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to these federal laws.

2. The Plaintiff ELIER FERNANDEZ is and was a resident of Miami-Dade County, Florida at the time the dispute arose and is *sui juris*.

3. The Defendant TENET FLORIDA PHYSICIANS SERVICES, LLC, is a Florida Limited Liability Corporation, and regularly transacts business in Broward County. The Defendant corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of employment ("the relevant time period").

4. The Defendant SYRIA RULE is the Director of Human Resources of the Defendant corporation who was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County, Florida, at the time the dispute arose, the Defendants do business in Broward County, Florida, and the events giving rise to these claims occurred within Broward County, Florida.

6. Plaintiff worked for Defendants as a medical assistant from 2013 through July 20, 2020, when Defendants terminated Plaintiff's employment.

7. The acts and/or omissions giving rise to this Complaint arose in Broward County, Florida.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION UNDER 29 U.S.C. §§ 201 – 216 AGAINST BOTH DEFENDANTS**

8. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

9. This action arises under the laws of the United States.

10. 29 U.S.C. § 207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff worked for Defendants as a medical assistant.

12. Defendants are liable for overtime pay for the entire period of Plaintiff's employment or as much as allowed by the FLSA.

13. As a medical assistant, Plaintiff was required to use instruments and materials obtained from local, national, and international sources to treat and evaluate medical patients. The patients that Plaintiff worked with were local, national, and international residents.

14. Defendants' business activities involve those to which the FLSA applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the FLSA applies to Plaintiff's work for the Defendants.

15. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did, thus making Defendants' business enterprise covered under the FLSA.

16. Upon information and belief, the Defendant corporation had gross sales or business done in excess of $500,000 annually for the years 2018, 2019, and 2020.

17. From the beginning of 2018 throughout the remainder of the Plaintiff's employment until July 20,2020, Plaintiff worked more than 40 hours per week. Plaintiff worked approximately 44 hours per week for Defendants.

18. Plaintiff was paid $20.17 per hour.  Plaintiff was not paid at all for any hours over 40 per week, so he is owed time-and-a-half for all hours he worked over 40 each week, as required by the FLSA.  Plaintiff, therefore, claims the half-time rate required by the Fair Labor Standards Act.

19. On average, Plaintiff worked 4 hours per week over 40 hours.

20. The calculations for what Plaintiff is owed are as follows:

4 hours per week over 40 x $30.26 per hour (time-and-a-half) = $121.04/week

133 weeks from 1/1/2018 to 7/20/2020.

133 weeks x $121.04/wk = $16,098.32

$16,098.32 x 2 (liquidated damages) = **$32,196.64** total damages for FLSA case.

21. Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and refused to pay Plaintiff overtime wages.  Defendants remain owing Plaintiff these wages from January 1, 2018 through Plaintiff's termination date of July 20, 2020.

22. Plaintiff has retained the undersigned counsel to represent him in this case, for which he is obligated to pay fees.

23. As a direct and proximate result of Defendants' conduct that violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 216, Plaintiff suffered damages, including unpaid overtime wages and attorneys' fees and costs.

**COUNT II. DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e AGAINST TENET FLORIDA PHYSICIAN SERVICES, LLC**

24. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

4

25. Throughout Plaintiff's employment he was subject to a hostile work environment due to his supervisors' and co-workers' constant ridicule and harassment based on his national origin of Cuba.

26. Nearly every day, Plaintiff was subjected to a hostile work environment caused by his supervisors and co-workers constantly making fun of his Cuban accent and culture.

27. Plaintiff was deeply offended by the actions of his supervisors and co-workers, and he told them so.

28. When Plaintiff complained about the hostile work environment, he was the one who was disciplined, not the offensive supervisors and co-workers.

29. Because of Plaintiff's national origin, he was subjected to a hostile work environment and was eventually terminated from his employment because of his national origin.

30. On August 28, 2020, less than 300 days after Plaintiff's termination, Plaintiff filed a Charge of Discrimination with the EEOC alleging national origin hostile work environment by his employer and termination because of his national origin.

31. On December 7, 2020 the EEOC issued to Plaintiff a Notice of Right to Sue.

32. Plaintiff is filing this Complaint less than 90 days after receiving the Notice of Right to Sue from the EEOC.  Thus, Plaintiff has complied with all pre-suit administrative requirements.

33. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.

Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

34. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

### COUNT III: HOSTILE WORK ENVIRONMENT DISCRIMINATION BASED ON RACE/NATIONAL ORIGIN UNDER 42 U.S.C. §1981 AGAINST TENET FLORIDA PHYSICIAN SERVICES, LLC

35. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

36. Throughout Plaintiff's employment he was subject to a hostile work environment due to his supervisors' and co-workers' constant ridicule and harassment based on his Race/national origin of Cuba.

37. Nearly every day, Plaintiff was subjected to a hostile work environment caused by his supervisors and co-workers constantly making fun of his accent and culture.

38. Plaintiff was deeply offended by the actions of his supervisors and co-workers.

39. When Plaintiff complained about the hostile work environment, he was the one who was disciplined, not the offensive supervisors and co-workers.

40. Because of Plaintiff's national origin, he was subjected to a hostile work environment and was eventually terminated from his employment.

41. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.

Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

42. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

### COUNT IV. DISCRIMINATION BASED ON SEX UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e AGAINST TENET FLORIDA PHYSICIAN SERVICES, LLC

43. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

44. Plaintiff is a man.

45. Throughout his employment, Plaintiff was treated worse than similarly situated women with whom he worked.

46. Other than some physicians, Plaintiff was the only male at his work location.

47. Plaintiff was disciplined many times for conduct that was exactly the same conduct in which his female co-workers engaged, but for which the female co-workers were never disciplined.

48. Plaintiff was placed on a Performance Improvement Plan (PIP) that was for alleged conduct for which the female medical assistants were never disciplined or placed on a PIP.

49. Plaintiff was terminated by Defendant corporation for alleged conduct for which the female medical assistants were never disciplined or terminated.

50. Because of Plaintiff's sex, he was subjected to discrimination and was eventually terminated from his employment.

51. On August 28, 2020, less than 300 days after Plaintiff's termination, Plaintiff filed a Charge of Discrimination with the EEOC alleging sex discrimination by his employer.

52. On December 7, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue.

53. Plaintiff is filing this Complaint less than 90 days after receiving the Notice of Right to Sue from the EEOC.  Thus, Plaintiff has complied with all pre-suit administrative requirements.

54. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

55. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

**COUNT V. RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e AGAINST TENET FLORIDA PHYSICIAN SERVICES, LLC**

56. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

57. Plaintiff complained to Defendants that he was being discriminated against and that he was being subjected to a hostile work environment based on his sex and his race/national origin.

58. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was disciplined many times.

8

59. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was placed on a Performance Improvement Plan (PIP) for alleged conduct for which no other employee was disciplined or placed on a PIP, even though other employees had engaged in the same alleged conduct.

60. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was terminated by Defendant corporation for alleged conduct for which no other employee was disciplined or terminated, even though other employees had engaged in the same alleged conduct.

61. Because of Plaintiff's complaints of sex and race/national origin discrimination, he was subjected to discrimination and was eventually terminated from his employment.

62. On August 28, 2020, less than 300 days after Plaintiff's termination, Plaintiff filed a Charge of Discrimination with the EEOC alleging sex discrimination by his employer.

63. On December 7, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue.

64. Plaintiff is filing this Complaint less than 90 days after receiving the Notice of Right to Sue from the EEOC. Thus, Plaintiff has complied with all pre-suit administrative requirements.

65. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

66. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

**COUNT V. RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §2000e AGAINST TENET FLORIDA PHYSICIAN SERVICES, LLC**

67. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 7 as though fully set forth herein.

68. Plaintiff complained to Defendants that he was being discriminated against and that he was being subjected to a hostile work environment based on his race/national origin.

69. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was disciplined many times.

70. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was placed on a Performance Improvement Plan (PIP) for alleged conduct for which no other employee was disciplined or placed on a PIP, even though other employees had engaged in the same alleged conduct.

71. After, and as a result of, complaining about this discriminatory treatment, Plaintiff was terminated by Defendant corporation for alleged conduct for which no other employee was disciplined or terminated, even though other employees had engaged in the same alleged conduct.

72. Because of Plaintiff's complaints of race/national origin discrimination, he was subjected to discrimination and was eventually terminated from his employment.

73. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness,

wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

74. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

## PRAYER FOR RELIEF

75. WHEREFORE, Plaintiff requests liquidated damages and reasonable attorneys' fees from Defendants under the FLSA and any other applicable authority, to be proven at time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the FLSA along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff also requests damages, exemplary damages, and reasonable attorney's fees from Defendant pursuant to Title VII, 42 U.S.C. §2000e, and 42 U.S.C. §1981.

## JURY TRIAL DEMANDED

76. The Plaintiff demands a trial by jury.

Respectfully submitted this 4th day of March, 2021,

**COANE AND ASSOCIATES, PLLC**

By: */s/ Lisa Kuhlman*
**Lisa Kuhlman**
Florida Bar No. 978027
Email: lisa.kuhlman@coane.com
**Arthur Mandel**
Florida Bar No. 22753
Email: Arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296

*ATTORNEYS FOR PLAINTIFF*

**OF COUNSEL:**

**Coane and Associates, PLLC**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (866) 647-8296
*OF COUNSEL FOR PLAINTIFF*